UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2023 JUN 14 AM 9:51

CLERK

BY_____
DEPUTY CLERK

KYLE T. WOLFE, )
 )
Plaintiff, )
 )
v. ) Case No. 2:23-cv-62
 )
VERMONT DEPARTMENT OF )
TAXES, )
 )
Defendant. )

## ORDER DISMISSING AMENDED COMPLAINT
(Doc. 4)

On April 11, 2023, self-represented Plaintiff Kyle T. Wolfe was granted leave to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915 in two actions. In the first, Case No. 2:23-cv-58, Plaintiff sought a return of sales tax paid to the Vermont Agency of Administration, Department of Taxes. In the second, Case No. 2:23-cv-62, Plaintiff sought a return of a fine paid to the Vermont Judicial Bureau.[1] The Complaints were dismissed because the court lacked subject matter jurisdiction and his claims against the Vermont agencies were barred under 28 U.S.C. § 1915(e)(2)(B)(iii) as he sought monetary relief against a defendant immune from such relief. Plaintiff was provided an opportunity to amend his pleadings no later than May 15, 2023. (Doc. 2 at 7.) On May 11, 2023, Plaintiff filed an Amended Complaint in this action, Case No. 2:23-cv-62, naming the Vermont Department of Taxes as defendant. (Doc. 4.)

---

[1] These were not Plaintiff's first attempts to file an action in this court. Plaintiff has previously filed four actions and has been instructed regarding the required pleading standards as well as directed to a sample complaint. *See Wolfe v. Romei*, Case No. 5:22-cv-142 (D. Vt. Aug. 30, 2022) (order granting IFP and dismissing Complaint); *Wolfe v. Thibault*, Case No. 5:22-cv-143 (D. Vt. Aug. 23, 2022) (order granting IFP and dismissing Complaint); *Wolfe v. Romei*, Case No. 5:22-cv-153 (D. Vt. Aug. 30, 2022) (order granting IFP and dismissing Complaint); *Wolfe v. Thibault*, Case No. 5:22-cv-154 (D. Vt. Aug. 23, 2022) (order granting IFP and dismissing Complaint).

Because no further filings were received in the first action against the Vermont Agency of Administration, Department of Taxes, that case was dismissed on May 24, 2023. *See Wolfe v. Vt. Agency of Admin.*, Case No. 2:23-cv-58 (D. Vt. May 24, 2023). In accordance with 28 U.S.C. § 1915, the court must conduct an initial review of Plaintiff's Amended Complaint.

Dismissal is warranted for the same reasons as explained in the Court's April 11, 2023 Order. *See* Doc. 2 at 4–6. Plaintiff's Amended Complaint states: "Discussed in 28 U.S.C. § 1915, federal jurisdiction under the 2nd Amendment with consideration for Amendment 10, insured with the state ratification of Amendment 11; *Wolfe v. Vermont Judicial Bureau* (Case No. 2:23-cv-00062-gwc) should still be applicable in the US District Court of Vermont." (Doc. 4 at 1–2.) This is not a sufficient basis for the court's subject matter jurisdiction. *See Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("[T]he party asserting federal jurisdiction bears the burden of establishing jurisdiction."). In this federal court, claims against the Vermont Department of Taxes are barred by the Eleventh Amendment. *See Papasan v. Allain*, 478 U.S. 265, 276 (1986) (state and state agency immunity from suits in federal courts "exists whether the relief sought is legal or equitable"); *see also See Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 254 (2011) ("[F]ederal courts may not entertain a private person's suit against a State[.]").

Additionally, it appears Plaintiff may be attempting to appeal a state court action. The Amended Complaint states: "all other remedies have been exhausted by the plaintiff under Vermont State law. The Judicial Review process has failed to move forward in this civil-complaint Appeal. Thus leading this plaintiff to skepticism in continued civil-action discussed in the Vermont Rules for civil procedure." (Doc. 4 at 3 (emphasis omitted).) To the Amended Complaint, Plaintiff attached documents referencing an appeal of a state court action. *See* Docs

2

4-1, 4-2. To the extent Plaintiff is seeking review of a state court ruling, this court does not sit as a court of appeals for the state courts. *See Skinner v. Switzer*, 562 U.S. 521, 532 (2011).

Because the court lacks subject matter jurisdiction, Plaintiff's Amended Complaint must be DISMISSED. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The court declines to grant further leave to amend as it appears futile. See *Biswas v. Rouen*, 808 F. App'x 53, 55 (2d Cir. 2020) ("Amendment is futile where the problems with the complaint's claims are substantive and not the result of inartful pleading.") (internal quotation marks and alterations omitted).

## CONCLUSION

Plaintiff's Amended Complaint (Doc. 4) is DISMISSED under 28 U.S.C. § 1915(e)(2)(B). The dismissal is with prejudice. The court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith.

Dated at Rutland, in the District of Vermont, this 13th day of June, 2023.

Geoffrey W. Crawford, Chief Judge
United States District Court